# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

SOUTH BAY BOSTON
MANAGEMENT, INC.

     Petitioner and Cross-Respondent,

v.

UNITE HERE LOCAL 26,

     Respondent and Cross-Petitioner.

Civil Action No.: 08-cv-11492-EFH

---

### RESPONDENT AND CROSS-PETITIONER UNITE HERE LOCAL 26'S CROSS-PETITION TO COMPEL ARBITRATION AND RESPONSE TO PETITIONER SOUTH BAY BOSTON MANAGEMENT, INC'S PETITION FOR DECLARATORY JUDGMENT

Respondent and Cross-Petitioner UNITE HERE Local 26 ("the Union" or "Local 26") petitions the Court for an order directing Petitioner and Cross-Respondent South Bay Boston Management, Inc. ("the Hotel") to submit to arbitration before Arbitrator Robert O'Brien pursuant to Paragraphs 10 and 14 of the August 20, 2003 Memorandum of Agreement between the Union and the Hotel ("the Neutrality Agreement"), Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 4.

In support of this cross-petition, the Union alleges as follows:

1.     This is a petition to compel arbitration in accordance with the Neutrality

Agreement between the Union and the Hotel entered on August 20, 2003. The Hotel has refused to submit to arbitration under the Agreement but has instead filed its petition for declaratory judgment herein, claiming that the Agreement is expired and was void from its inception.

**<u>PARTIES</u>**

2.     Respondent and Cross-Petitioner Local 26 is a labor organization representing employees in industries affecting commerce within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §152(5). The Union maintains its headquarters in Boston, Massachusetts.

3.     Petitioner and Cross-Respondent South Bay Boston Management, Inc. ("the Hotel") d/b/a Courtyard by Marriott of South Boston is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. §152(2). The Hotel operates a hotel in Boston, Massachusetts.

**<u>JURISDICTION AND VENUE</u>**

4.     This Court has jurisdiction pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

5.     Venue lies within this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a).

/ / /

## GENERAL ALLEGATIONS

6.      The Union and the Hotel are parties to a Memorandum of Agreement (the "Neutrality Agreement" or "Agreement") governing union organizing procedures, dated August 20, 2003.  A copy of the signed Agreement is attached as Exhibit C to the Hotel's complaint for declaratory judgment herein.

7.      Paragraph 2 of the Neutrality Agreement states that it has "the purpose of ensuring an orderly environment for the exercise by the Employees of their rights under Section 7 of the National Labor Relations Act and to avoid picketing and/or other economic action directed at the Employer in the event the Union decides to conduct an organizing campaign among Employees."  The Neutrality Agreement sets forth the process by which the Union may organize the Hotel's employees and seek recognition as their exclusive collective bargaining representative.

8.      Paragraph 8 of the Agreement states: "Within ten (10) days of the full public opening of the Hotel, the Employer will furnish the Union with a complete list of Employees, including both full and part-time Employees, showing their job classifications, departments, and addresses.  Thereafter, the Employer will provide updated complete lists monthly."

9.      Paragraph 9 states that "[t]he Union may request recognition as the exclusive collective bargaining agent for such Employees at any time 60 days or more after the full public opening of the Hotel.  The Arbitrator identified in Paragraph 14, or

3

another person mutually agreed to by Employer and Union, will conduct a review of Employees' authorization cards and membership information submitted by the Union in support of its claim to represent a majority of such Employees.  If that review establishes that a majority of such Employees has designated the Union as their exclusive collective bargaining representative or joined the Union, the Employer will recognize the Union as such representative of such Employees."

10.     Paragraph 10 of the Agreement provides for interest arbitration if, 90 days after recognition, the Union and the Hotel are unable to come to terms on a collective bargaining agreement.  It states: "If the Union is recognized as the exclusive collective bargaining representative as provided in paragraph 9, negotiations for a collective bargaining agreement shall be commenced immediately.  If the parties are unable to reach agreement on a collective bargaining agreement within 90 days after recognition pursuant to paragraph 9, all unresolved issues shall be submitted for resolution to final and binding arbitration pursuant to Paragraph 14."

11.     Paragraph 14 of the Agreement is a broad arbitration clause: "The parties agree that any disputes over the interpretation or application of this agreement shall be submitted to expedited and binding arbitration, with Robert O'Brien serving as the arbitrator."

12.     Paragraph 15 of the Agreement sets forth the term of the Agreement: "This Agreement shall be in full force and effect from the date it is fully executed on behalf of

4

the Employer and the Union until three years from the full public opening of the hotel, or

if sooner upon execution of a collective bargaining agreement or issuance of an interest

arbitration award which concludes the collective bargaining agreement negotiations,

either of which explicitly supersedes this document."  The term "full public opening" is

not defined in the Agreement.

13.     On October 19, 2007, pursuant to the procedures set forth in Paragraph 9 of

the Agreement, the Union submitted signed authorization cards from a majority of the

Hotel's employees in the collective bargaining unit.

14.     The Hotel refused to recognize the Union and requested arbitration

pursuant to Paragraph 14 of the Agreement, claiming that the Union had procured

authorization cards by coercion.  Hearings before Arbitrator Robert O'Brien were held on

December 6 and 10, 2007 and February 6, 2008, at which both the Union and the Hotel

appeared.

15.     On April 21, 2008, Arbitrator O'Brien found that the Union had obtained

valid authorization cards from an uncoerced majority of employees and that the Hotel

was required to recognize the Union as the collective bargaining representative of its

employees.  On April 30, 2008, the Hotel informed the Union that it would abide by the

Arbitrator's ruling in this regard.

16.     On April 28, 2008, the Union sent a letter to the Arbitrator requesting

arbitration over the Hotel's failure to provide a complete list of its employee's names and

5

addresses within ten days of the full public opening of the Hotel, as required by
Paragraph 8 of the Agreement.

17.    On April 30, 2008, the Union sent a letter to the Arbitrator requesting
arbitration over the Hotel's holding mandatory meetings with its employees to discuss its
recognition of the Union under the Agreement.

18.    In early May 2008, the Union and the Hotel commenced negotiations for an
initial collective bargaining agreement.

19.    On July 23, 2008, the Union's counsel Domenic Bozzotto sent a letter to
Arbitrator O'Brien demanding interest arbitration on unresolved contract issues.

20.    On August 25, 2008, the Hotel's counsel sent a letter to the Union refusing
to submit to interest arbitration.  In this letter, the Hotel contended that it was not
required to submit to interest arbitration because the Agreement had allegedly expired on
May 18, 2008 and because the Agreement was void.  On August 27, 2008, the Hotel's
counsel repeated this position to the Union's Vice President during a negotiation session.

21.    On August 29, 2008, the Hotel filed its petition for declaratory judgment
herein, containing two causes of action.  In its first cause of action, the Hotel claims that
it is not required to submit to interest arbitration under Paragraphs 10 and 14 of the
Agreement because the Agreement expired on May 18, 2008.  In its second cause of
action, the Hotel claims that the Agreement was void when the Hotel entered it on
August 20, 2003 because the Hotel was allegedly coerced into signing it by the Boston

Redevelopment Authority through actions that the Hotel claims were preempted by the

National Labor Relations Act.

22.     On September 10, 2008, the Hotel's counsel sent a letter to Arbitrator

O'Brien stating that it would not submit to arbitration of the issues set forth in the

Union's April 28, 2008 and April 30, 2008 letters because the Agreement was void from

its inception.

## CAUSE OF ACTION – Order Compelling Arbitration

23.     Local 26 incorporates by reference the allegations contained in Paragraphs

1 to 22 as if fully set forth herein.

24.     The interest arbitration clause contained in Paragraph 10 of the Agreement

survived any expiration of the Agreement.

25.     The Union and the Hotel dispute whether the Agreement has expired under

the terms of Paragraph 15 of the Agreement.  Resolution of this dispute is within the

exclusive jurisdiction of the Arbitrator.

26.     The Hotel is estopped from claiming that the Agreement was void from its

inception, since the Hotel has waited more than five years before bringing this claim,

during which time it has benefitted from and affirmatively invoked the Agreement's

provisions, including before this Court.

27.     The Hotel's claim that the Agreement was void from its inception is barred

by Federal Rule of Civil Procedure 13(a) and the doctrine of *res judicata*, since the Hotel

failed to raise its contention that the Agreement is void as a counterclaim in the related

case of *UNITE HERE Local 26 v. Jiten Hotel Management*, (Civil Case No. 08-cv-

10739) ("*Local 26 v. Jiten*").  This Court entered final judgment in the Union's favor in

*Local 26 v. Jiten* on August 13, 2008.

24.     The Hotel is judicially estopped from contending that the Agreement was

void from its inception, since it affirmed the validity of the Agreement in its answer and

counterclaim in *Local 26 v. Jiten*.

25.     Accordingly, Local 26 is entitled to an order compelling the Hotel to

submit to interest arbitration pursuant to Paragraphs 10 and 14 of the Agreement, Section

301(a) of the LMRA, 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 1 *et

seq*.

26.     Local 26 is also entitled to an order compelling the Hotel to submit to

arbitration on the issues set forth in the Union's April 28, 2008 and April 30, 2008 letters

to the Arbitrator pursuant to Paragraph 14 of the Agreement, Section 301(a) of the

LMRA, 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

27.     Local 26's entitlement to judgment and an order compelling the Hotel to

submit to arbitration, as set forth in paragraphs 25 and 26 above, is dispositive of this

action, including the causes of action set forth in the Hotel's petition for declaratory

judgment.

/ / /

## RESPONSE AND ANSWER TO SOUTH BAY MANAGEMENT'S PETITION FOR DECLARATORY JUDGMENT

Local 26 answers the allegations of South Bay's Petition for Declaratory Relief in paragraphs that correspond to the paragraphs in the Petition, without waiving the additional affirmative defenses.  Local 26 denies all allegations not specifically admitted herein.

1.      The allegations of Paragraph 1 constitute legal conclusions which Local 26 is not required to admit or deny.  The Union specifically denies that South Bay is entitled to any relief.

2.      Answering Paragraph 2, Local 26 admits that South Bay Boston is an employer within the meaning of Section 2(2) of the Labor Management Relations Act (LMRA), 29 U.S.C. §152(2).  Local 26 is without knowledge as to the precise corporate relationship between South Bay Boston and Jiten Hotel Management, including any alter ego relationship, and on that basis denies the remainder of Paragraph 2 for lack of knowledge.

3.      Local 26 admits the allegations of Paragraph 3.

4.      Local 26 admits the allegations of Paragraph 4.

5.      Local 26 admits the allegations of Paragraph 5.

6.      Local 26 is without knowledge of the allegations of Paragraph 6, and on that basis denies the remainder of Paragraph 6 for lack of knowledge.

7.     The allegations of Paragraph 7 constitute legal conclusions which Local 26 is not required to admit or deny.

8.     Local 26 is without knowledge of the allegations of Paragraph 8, and on that basis denies the remainder of Paragraph 8 for lack of knowledge.

9.     Local 26 is without knowledge of the allegations of Paragraph 9, and on that basis denies the remainder of Paragraph 9 for lack of knowledge.

10.     Local 26 is without knowledge of the allegations of Paragraph 10, and on that basis denies the remainder of Paragraph 10 for lack of knowledge.

11.     The allegations of Paragraph 11 constitute legal conclusions which Local 26 is not required to admit or deny.

12.     The allegations of Paragraph 12 constitute legal conclusions which Local 26 is not required to admit or deny.

13.     The allegations of Paragraph 13 constitute legal conclusions which Local 26 is not required to admit or deny.

14.     Local 26 admits that it negotiated a card-check agreement with Jiten Hotel Management.  Local 26 denies all other allegations of Paragraph 14.

15.     Local 26 admits that Jiten Hotel Management signed the Memorandum of Agreement attached as Exhibit C to the Petition ("the Agreement.")  Local 26 denies all other allegations of Paragraph 15.

/ / /

16.     Local 26 is without knowledge of the allegations of Paragraph 16, and on that basis denies the allegations of Paragraph 16 for lack of knowledge.

17.     Local 26 is without knowledge of the allegations of Paragraph 17, and on that basis denies the allegations of Paragraph 17 for lack of knowledge.

18.     Answering Paragraph 18, the Union alleges that the Memorandum of Agreement speaks for itself.  All other characterizations, legal conclusions and allegations of Paragraph 18 are denied.

19.     Answering Paragraph 19, the Union alleges that the Memorandum of Agreement speaks for itself.  All other characterizations, legal conclusions and allegations of Paragraph 19 are denied.

20.     Answering Paragraph 20, the Union alleges that the Memorandum of Agreement speaks for itself.  All other characterizations, legal conclusions and allegations of Paragraph 20 are denied.

21.     Answering Paragraph 21, Local 26 denies that the "full public opening" contemplated by the Agreement occurred on May 18, 2005.  Local 26 is without knowledge of all other allegations of Paragraph 21, and on that basis denies the remainder of Paragraph 21 for lack of knowledge.

22.     Local 26 is without knowledge of the allegations of Paragraph 22, and on that basis denies the allegations of Paragraph 22 for lack of knowledge.

23.     Local 26 admits that it was organizing the Courtyard's employees as of July

11

2007.  All other allegations of Paragraph 23 are denied.

24.     Local 26 admits the allegations of Paragraph 24.

25.     Local 26 admits that Arbitrator Robert O'Brien issued an award on April

21, 2008, submitted by the Employer in *UNITE HERE Local 26 v. Jiten Hotel*

*Management*, Case 1:08-cv-10739-EFH, Docket 24-4, and that the Award speaks for

itself.

26.     Local 26 admits the allegations of Paragraph 26.

27.     Local 26 denies the allegations of Paragraph 27.

28.     Local 26 admits the allegations of Paragraph 28.

29.     Local 26 admits the allegations of Paragraph 29.

30.     Local 26 admits that its representative wrote a letter to the Union and that

the letter speaks for itself.  All other allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 constitute legal conclusions which Local

26 is not required to admit or deny.  Further answering Paragraph 31, Local 26 admits

that there is a dispute over the interpretation and application of the Agreement that the

parties agreed to refer to arbitration.  Local 26 specifically denies that the matter is

subject to judicial resolution through declaratory judgment, except to the extent required

to compel arbitration.

32.     Local 26 incorporates by reference the responses to the allegations of

Paragraphs 1 through 31.

33.    Answering Paragraph 33, the Union alleges that the Memorandum of Agreement speaks for itself.  All other characterizations, legal conclusions and allegations of Paragraph 33 are denied.

34.    Local 26 denies the allegations of Paragraph 34.

35.    Local 26 denies the allegations of Paragraph 35.

36.    Local 26 incorporates by reference the responses to the allegations of Paragraphs 1 through 35.

37.    Local 26 is without knowledge of the allegations of Paragraph 37, and on that basis denies the allegations of Paragraph 37 for lack of knowledge.

38.    Local 26 is without knowledge of the allegations of Paragraph 38, and on that basis denies the allegations of Paragraph 38 for lack of knowledge.

39.    Local 26 denies the allegations of Paragraph 39.

40.    Local 26 denies the allegations of Paragraph 40.

41.    Local 26 denies the allegations of Paragraph 41.

42.    Local 26 denies the allegations of Paragraph 42.

## **AFFIRMATIVE DEFENSES**

### *First Defense*

43.    The Petition fails to state a claim on which relief can be granted.

### *Second Defense*

44.    The Petition is precluded by *res judicata.*

### Third Defense

45.     The Petition is barred by estoppel and waiver.

### Fourth Defense

46.     The Petition is barred by the Petitioner South Bay's failure to proceed through contractual arbitration, to resolve an issue of contract interpretation bearing on the duration of the Agreement under *Electrical Workers, Local 1228 v. Freedom WLNE-TV, Inc.*, 760 F.2d 8, 11 (1st Cir.1985).

### Fifth Defense

47.     The Petition is barred by the Petitioner South Bay's failure to proceed through contractual arbitration, in that interest arbitration is a quantifiable benefit that accrues upon recognition, and was agreed to proceed under *United Parcel Service v. Union de Tronquistas*, 426 F.3d 470, 473-474 (1st Cir. 2005).

### Sixth Defense

48.     The Agreement from which Petitioner now seeks relief has been ratified by Petitioner's delay and in its acceptance of benefits thereunder, under the doctrine of *In re Boston Shipyard Corp.*, 886 F.2d 451 (1st Cir. 1989).

### **REQUEST FOR RELIEF**

Wherefore, Local 26 prays that this Court:

a.     Enter a judgment in Local 26's favor and an order dismissing the Hotel's causes of action for declaratory judgment and requiring the Hotel to submit to arbitration of all outstanding issues before Arbitrator O'Brien pursuant to Paragraphs 10 and 14 of the Agreement;

14

b.      Award Local 26 its costs and reasonable attorneys fees expended in bringing this
        petition;

c.      Award to Local 26 any and all other relief as this Court deems just and proper.

Dated:  September 18, 2008                  Respectfully submitted,


                                    _/s/   Michael Anderson_____
                                    Michael T. Anderson, BBO #645533
                                    MURPHY ANDERSON PLLC
                                    111 Devonshire Street, Fifth Floor
                                    Boston, Massachusetts 02109
                                    Tel:  (617) 227-5720; Fax: (617) 227-5767

                                    Richard G. McCracken *(pro hac vice pending)*
                                    Andrew J. Kahn *(pro hac vice pending)*
                                    Paul More *(pro hac vice pending)*
                                    DAVIS, COWELL & BOWE, LLP
                                    595 Market Street, Suite 1400
                                    San Francisco, California 94105
                                    Tel:  (415) 597-7200; Fax: (415) 597-7201

                                    Attorneys for UNITE HERE Local 26

15

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on September 18, 2008 a true and correct copy of the Union's foregoing RESPONDENT AND CROSS-PETITIONER UNITE HERE LOCAL 26'S CROSS-PETITION TO COMPEL ARBITRATION AND RESPONSE TO PETITIONER SOUTH BAY BOSTON MANAGEMENT, INC'S PETITION FOR DECLARATORY JUDGMENTF, filed through the ECF system, will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing and via first class mail to those indicated as non-registered participants.

_/s/  Michael Anderson_